UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER BURRIS,<br>        Plaintiff | Case No. 1:06-cv-516 |
| vs | |
| JOSEPH T. DETERS,<br>        Defendant | **ORDER**<br>(Spiegel, J.) |

Plaintiff, an inmate at the Hopkins County Jail in Madisonville, Kentucky, brings this action pursuant to 42 U.S.C. § 1983 against defendant Joseph Deters, the Hamilton County, Ohio Prosecutor, alleging a violation of his constitutional rights. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges the following facts:

> August 2005–Cincinnati detective came to Boone County Jail and informed plaintiff –Kentucky agreed to dismiss receiving charge in Ky. if plaintiff agreed to waive extradition to Ohio on theft charges on same vehicle. Plaintiff agreed and detective said he would go file charges and notify Commonwealth Attorney (detainer lodged). At extradition hearing, Ky. State Trooper refused to dismiss because of accompanying charges. Subsequently, plaintiff now had "receiving" in Ky. and "theft" 05-CRA-32618 in Ohio (same vehicle). (Jan. 06)–05/CRA/32618 was in NCIC. 1-25-06, plaintiff was final[ly] sentenced in Kentucky and began seeking disposition on pending charge in Cincinnati. (Detainer disappeared; NCIC Ohio–05/CRA/32618).

(Complaint at 6). The complaint further alleges that defendant Deters denied plaintiff his right to a speedy trial and to due process by ignoring his formal motion for relief filed in the Hamilton County Court of Common Pleas; by removing the detainer from NCIC; by refusing the direct requests of law enforcement and corrections officials for information on warrants and detainers on the pending felony charges; and by hindering plaintiff's efforts to seek relief under the Interstate Agreement on Detainers "because plaintiff has a[n] Ohio parole detainer that will return him to Ohio eventually." (Complaint at 7). As relief, plaintiff seeks a dismissal of the pending criminal charges against him in Case 05/CRA/32618, an order directing the defendant to lodge a detainer against him regarding the Ohio charges, "transportation and extradition under IAD on 05/CRA/32618," and an order directing defendant to set a date on the formal motions seeking relief which are pending in the State court. *Id.*

Plaintiff's complaint against defendant Deters must be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983. An action under § 1983 is appropriate where one complains of the conditions of his confinement in a prison, but not the fact or length of his

custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). When a state prisoner is challenging the validity of his prosecution or conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus and the prisoner must comply with the exhaustion of state court remedies. *Preiser*, 411 U.S. at 500. In this case, plaintiff seeks the dismissal of the Ohio charges against him for the State's alleged violation of his speedy trial rights and other relief directed toward resolving the pending criminal charges. A determination that plaintiff's Sixth Amendment right to a speedy trial was violated would necessarily implicate the validity of any pending conviction and result in speedier release from his imprisonment. Consequently, any alleged violation of plaintiff's speedy trial rights necessarily involves a challenge to the fact or length of his custody, not the conditions of his confinement. Thus, his claim is not cognizable in a § 1983 action. Accordingly, he is not entitled to any relief under 42 U.S.C. § 1983. Thus, plaintiff's complaint pursuant to section 1983 must be dismissed for failure to state a claim given that his claim is not cognizable in a § 1983 action.

Even assuming the Court were to construe the instant complaint as a pretrial petition for habeas corpus pursuant to 28 U.S.C. § 2241, the petition would be subject to dismissal for plaintiff's failure to exhaust his state remedies. Plaintiff claims that defendant failed to comply with the Interstate Agreement on Detainers (IAD)[1], which requires that he be tried on outstanding criminal charges within 180 days of his request. Article III of the Agreement gives a

---

[1] "The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction. Forty-eight states (all but Louisiana and Mississippi), the District of Columbia, Puerto Rico, the Virgin Islands and the United States are all signatories of the IAD. In Ohio and Kentucky, it is codified at Ohio Rev. Code § 2963.30 and Ky. Rev. Stat. § 440.450, respectively." *Norton v. Parke*, 892 F.2d 476, 477 n.2 (6th Cir. 1989) (citations omitted).

prisoner the right to demand a final disposition of charges pending against him. To assert this right, the prisoner must first file a request for final disposition with the warden. The warden then forwards the request to both the appropriate state court and prosecutor. The request must also include a certificate stating the prisoner's term of commitment, the time served and remaining on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision made in connection with the prisoner's parole. Finally, the prisoner is entitled to dismissal of the charges with prejudice if he is not tried within the requisite 180-day time period. Article III, IAD. Where the IAD applies, courts require strict compliance with the formal procedures set forth therein before a prisoner may petition a federal court for relief. *Norton v. Parke*, 892 F.2d 476, 480-81 (6th Cir. 1989), *cert. denied*, 494 U.S. 1060 (1990). However, if the custodian of the inmate is responsible for the prisoner's default, or if the prisoner could not otherwise comply with the agreement through no fault of his own, then strict compliance may not be required. *Id.*

Plaintiff's complaint and attachments thereto do not indicate that he followed the formal procedures of the IAD. He has not shown that he used the required IAD forms to give notice to the Ohio authorities of his demand for trial or that he provided Ohio officials with a certificate of custodial authority or information regarding his prison conduct and eligibility for parole. *See* Ohio Rev. Code § 2963.30. *See also Parke,* 892 F.2d at 481. The motions filed by plaintiff in the Ohio Court of Common Pleas cannot be construed as a minimally adequate substitute for the appropriate forms. 892 F.2d at 481.

The attachments to the complaint, however, indicate that plaintiff did request the IAD forms from staff at the Hopkins County Jail. In response, plaintiff was advised that the State of

Ohio had not sent any information regarding a detainer on the pending Ohio charges. Plaintiff was advised that when such information was received by the jail, plaintiff would be given the necessary forms.

Assuming, arguendo, that jail officials inhibited plaintiff's compliance with the terms of the IAD and that strict compliance with IAD procedures is not required in this case, plaintiff's habeas corpus petition would nonetheless be premature. The 180-day period to bring a prisoner to trial under the IAD does not begin until both the court and prosecutor have notice of the demand. *Fex v. Michigan*, 507 U.S. 43, 52 (1993). The attachments to the complaint show that plaintiff's motions for speedy trial in the Court of Common Pleas were filed in June and July of 2006. Since the 180-day period has not yet run, plaintiff's habeas petition would be premature. Because plaintiff failed to properly invoke the IAD, he has failed to exhaust his adequate and available state remedies and would not be entitled to federal habeas relief. *Parke*, 892 F.2d at 481.

In addition, it is doubtful that plaintiff can invoke the protections of the IAD since he states that a detainer is no longer lodged against him. Where a detainer is withdrawn, a prisoner is removed from the purview of the IAD since it is the presence of the detainer which triggers the IAD, not merely the presence of charges in another jurisdiction. *United States v. Koufus*, 280 F. Supp.2d 647, 650 (W.D. Ky. 2003), citing *United States v. Donaldson*, 978 F.2d 381, 389 (7th Cir. 1992).

In any event, it is clear that plaintiff has not exhausted his speedy trial claim in the Ohio courts in order to invoke the Court's habeas corpus jurisdiction. As indicated above, his motions for speedy trial were filed in the Ohio Common Pleas Court in June and July of 2006. Plaintiff

has neither alleged nor shown that his motions have been ruled on. Nor is there is any indication that he raised his speedy trial claim with the Ohio appellate courts in order to exhaust his state court remedies. *See Atkins v. Michigan,* 644 F.2d 543, 547 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981). *See also Parke*, 892 F.2d at 479 n.6. Therefore, even if the Court construed the complaint as a petition for a writ of habeas corpus, dismissal would be appropriate.

Accordingly, plaintiff's complaint is **DISMISSED** for failure to state a claim for relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: August 16, 2006                    s/S. Arthur Spiegel
                                         S. Arthur Spiegel
                                         United States Senior District Judge